IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RUBEN AIRA, JR; and RUBEN AIRA JR. ART LLC, a Hawaii limited liability company, | ) ) ) | Civil No. 23-00182 JMS-KJM |
| | ) | FINDINGS AND |
| Plaintiffs, | ) ) | RECOMMENDATION TO GRANT DEFENDANTS MARTIN AND |
| | ) | MACARTHUR ENTERPRISES, |
| vs. | ) ) | LTD. AND MICHAEL TAM'S PETITION FOR DETERMINATION |
| MARTIN AND MACARTHUR | ) | OF GOOD FAITH SETTLEMENT |
| ENTERPRISES, LTD., a Hawaii corporation; MICHAEL TAM; AARON HATLEY aka TATAU; JOHN DOES 1–10; JANE DOES 1–10; DOE CORPORATIONS 1–10; DOE PARTNERSHIPS 1–10; and DOE ASSOCIATIONS 1–10, | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO GRANT DEFENDANTS
MARTIN AND MACARTHUR ENTERPRISES, LTD. AND MICHAEL
TAM'S PETITION FOR DETERMINATION OF GOOD FAITH SETTLEMENT

On July 23, 2024, Defendants Martin and MacArthur Enterprises, Ltd.

("Martin & MacArthur"), and Michael Tam ("Mr. Tam") (collectively,

"Defendants") filed a Petition for Determination of Good Faith Settlement

("Petition").  ECF No. 70.  Defendants seek a determination that the settlement

between Defendants and Plaintiffs Ruben Aira, Jr. ("Mr. Aira"), and Ruben Aira

Jr. Art LLC (collectively, "Plaintiffs") was made in good faith pursuant to Hawaii

Revised Statutes ("HRS") § 663–15.5.  *Id.*  On July 24, 2024, Plaintiffs filed a

Joinder to the Petition ("Joinder").  ECF No. 72.

The Court elected to decide this matter without a hearing pursuant to Rule

7.1(c) of the Local Rules of Practice for the United States District Court for the

District of Hawaii.  ECF No. 71.  After carefully considering the Petition, Joinder,

applicable law, and record in this case, the Court FINDS that the settlement

between Plaintiffs and Defendants was made in good faith under HRS § 663–15.5

and RECOMMENDS that the district court GRANT the Petition for the reasons set

forth below.

## BACKGROUND

The Court and the parties are familiar with the facts and issues in this case.

The Court therefore will only recite those relevant to the Petition.

This case concerns Defendants' alleged infringement of copyrighted

artworks created by Mr. Aira and owned by Ruben Aira Jr. Art LLC.  Mr. Aira is a

"well-known artist and is primarily known for his surfboard carvings."  ECF No.

60 at 4 ¶ 11.  Mr. Aira conducts his art business through Ruben Aira Jr. Art LLC,

which holds the copyright registrations for the artworks at issue in this lawsuit.

*Id.* ¶ 13.  Plaintiffs filed this case because Defendants have allegedly worked with

Defendant Aaron Hatley, also known as "Tatau" ("Mr. Tatau"), to copy Mr. Aira's

unique artwork and to sell the infringing copies through Martin & MacArthur stores for profit. *Id.* at 9–13.

On May 28, 2024, Plaintiffs filed the operative First Amended Complaint. ECF No. 60. Plaintiffs assert the following claims in the First Amended Complaint: (1) Copyright Infringements as to Mr. Tatau; (2) Copyright Infringements – Contributory Infringement as to Martin & MacArthur and Mr. Tam; (3) Copyright Infringements – Vicarious Liability as to Martin & MacArthur and Mr. Tam; (4) Breach of Fiduciary Duty as to Martin & MacArthur; and (5) Unjust Enrichment as to Martin & MacArthur. ECF No. 60 at 13–24. Mr. Tatau has not entered an appearance in this action. On June 25, 2024, the Court entered default against Mr. Tatau. ECF No. 63. Trial is set for November 19, 2024. ECF No. 27 at 1 ¶ 1.

On October 6, 2023, the Court held an early settlement conference. ECF No. 34. Plaintiffs and Defendants did not reach a settlement at this conference. *Id.* On May 22, 2024, the Court held a further settlement conference. ECF No. 59. Plaintiffs and Defendants reached a settlement at this conference and placed the confidential settlement terms on the record. *Id.* On July 23, 2024, Plaintiffs filed the Petition. ECF No. 70.

DISCUSSION

A finding of good faith settlement:

(1) discharges the settling party from liability for contribution to other
joint tortfeasors, (2) reduces a plaintiff's claims against joint
tortfeasors by the amount stipulated to in the release or in the amount
of the consideration paid for it, whichever is greater, (3) bars other
joint tortfeasors from further claims against the settling joint
tortfeasor, except where there is a written indemnity agreement, and
(4) results in dismissal of all crossclaims against the settling joint
tortfeasor, except where there is a written indemnity agreement.

*Tansey v. Marriott Hotel Servs., Inc.*, CIVIL NO. 19-00231 JAO-WRP, 2020 WL

1495993, at *1 (D. Haw. Mar. 10, 2020) (citing Haw. Rev. Stat. § 663–15.5(a),

(d)), *adopted by* 2020 WL 1493041 (D. Haw. Mar. 27, 2020).

The Hawaii Supreme Court has adopted a "totality of circumstances"

analysis to determine whether a settlement is made in good faith under HRS

§ 663–15.5.  *Doyle v. Hawaiian Cement*, Civ. No. 08-00017 JMS /KSC, 2009 WL

1687022, at *2 (D. Haw. June 15, 2009) (citing *Troyer v. Adams*, 102 Haw. 399,

77 P.3d 83 (2003)).  The Hawaii Supreme Court set forth a nonexclusive list of

issues that courts may consider when deciding whether a settlement was made in

good faith:

(1) the type of case and difficulty of proof at trial, e.g., rearend motor
vehicle collision, medical malpractice, product liability, etc.;

(2) the realistic approximation of total damages that the plaintiff
seeks;

(3) the strength of the plaintiff's claim and the realistic likelihood of his or her success at trial;

(4) the predicted expense of litigation;

(5) the relative degree of fault of the settling tortfeasors;

(6) the amount of consideration paid to settle the claims;

(7) the insurance policy limits and solvency of the joint tortfeasors;

(8) the relationship among the parties and whether it is conducive to collusion or wrongful conduct; and

(9) any other evidence that the settlement is aimed at injuring the interests of a non-settling tortfeasor or motivated by other wrongful purpose.

*Id.* (citing *Troyer*, 102 Haw. at 427, 77 P.3d at 112) (the "*Troyer* factors").

A settlement agreement is made in good faith when the totality of circumstances show that the settlement was not collusive or aimed at injuring the interests of the non-settling parties. *Id.* The non-settling defendant has the burden to show that the settlement was not reached in good faith. *Id.* (citing Haw. Rev. Stat. § 663–15.5(b)).

The Court has reviewed the *Troyer* factors and the terms of the settlement. The Court is intimately familiar with the terms of the settlement, and how the parties reached those terms, given the Court's involvement in the two settlement conferences which led to the settlement. The parties reached this settlement through hard fought, arms-length, Court-supervised negotiations. After carefully

considering the Petition and the totality of the circumstances, and given the lack of opposition thereto, the Court finds that the settlement between Plaintiffs and Defendants meets the purpose of HRS § 663–15.5 and was entered into in good faith.  Accordingly, the Court recommends that the district court grant the Petition.

CONCLUSION

Based upon the foregoing, the Court FINDS that the settlement between Defendants Martin and MacArthur Enterprises, Ltd., and Michael Tam and Plaintiffs Ruben Aira, Jr., and Ruben Aira Jr. Art LLC was made in good faith under Hawaii Revised Statutes § 663–15.5.  The Court thus RECOMMENDS that the district court GRANT the Petition (ECF No. 70).

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, July 31, 2024.



Kenneth J. Mansfield
United States Magistrate Judge

*Aira v. Martin and MacArthur Enterprises, Ltd., et al.;* Civil No. 23-00182 JMS-KJM; Findings and Recommendation to Grant Defendants Martin and MacArthur Enterprises, Ltd. and Michael Tam's Petition for Determination of Good Faith Settlement